THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Darrell Goss, Appellant.
 
 
 
 
 

Appeal From Charleston County
 J. C. "Buddy" Nicholson, Jr.,
Circuit Court Judge

Unpublished Opinion No.  2011-UP-214 
Submitted May 1, 2011  Filed May 17, 2011

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor
 Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Darrell Goss appeals his convictions for
 kidnapping, assault and battery with intent to kill, and armed robbery, arguing
 the trial court erred in the following: (1) overruling Goss's objection to the
 State's closing argument and (2) refusing Goss's request to impeach the victim
 with the victim's pending charge of counterfeiting goods.  We affirm[1] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to whether the trial court erred in overruling Goss's
 objection to the State's closing argument, we note preservation was
 questionable but affirm on the merits:  State v. Patterson, 324 S.C. 5,
 17, 482 S.E.2d 760, 766 (1997) "[A] trial [court] is vested with broad discretion
 in dealing with the range of propriety of closing argument, and ordinarily his
 rulings on such matters will not be disturbed."); id. ("[Appellate
 courts] must review the argument in the context of the entire record."); id. ("The appellant has the burden of showing that any alleged error in
 argument deprived him of a fair trial."); id. ("The relevant
 question is whether the [State's] comments so infected the trial with
 unfairness as to make the resulting conviction a denial of due process.").
2. As to whether the
 trial court erred in refusing Goss's request to impeach the victim with the
 victim's pending charge of counterfeiting goods:  Fields v. J. Haynes Waters
 Builders, Inc., 376 S.C. 545, 557, 658 S.E.2d 80, 86 (2008) ("[T]o
 warrant reversal based on the admission or exclusion of evidence, the appealing
 party must show both the error of the ruling and prejudice."); Morris
 v. Tidewater Land & Timber, Inc., 388 S.C. 317, 331, 696 S.E.2d 599,
 606 (Ct. App. 2010) (holding a trial court's error in excluding certain
 testimony was harmless because the parties involved suffered no prejudice as a
 result of the exclusion of the testimony  since the testimony did not touch
 upon the critical issue in the case).  
AFFIRMED.
SHORT, KONDUROS,
 and GEATHERS, JJ., concur.  

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.